UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Edward Spiller, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-1305 |
| ) | |
| Joel Brown and Mark Rose, ) | |
| ) | |
| Defendants. ) | |

### MERIT REVIEW OPINION

Plaintiff, proceeding pro se, is incarcerated at Peoria County Jail. He brings this action pursuant to 42 U.S.C. § 1983 claiming ineffective assistance of counsel by attorneys Brown and Rose of the Peoria County Public Defender's Office. Specifically, Plaintiff's Complaint alleges that Defendants Brown and Rose provided ineffective assistance of counsel because they have not visited him in Peoria County Jail since Defendant Rose was appointed on May 12, 2016, to represent Plaintiff in the state court criminal proceedings. Plaintiff requests that Defendant Rose be removed from his case. Additionally, Plaintiff requests $400 in compensatory damages for pain and suffering and $300 in punitive damages. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

### LEGAL STANDARD

Under § 1915A, the Court must review prisoner complaints in civil actions and identify cognizable claims. The Court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts all factual allegations as true as views them in the light most favorable to the Plaintiff. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, the

1

Complaint must set forth sufficient facts to state a plausible claim for relief; conclusory statements are insufficient. *Munson v. Gaetz*, 673 F.3d 630 (7th Cir. 2012).

### ANALYSIS

Section 1983 provides a federal cause of action for the deprivation, under color of state law, of the rights, privileges, or immunities secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to state a claim, a plaintiff must allege facts showing that defendants were acting under color of state law. In the context of § 1983 actions, "a person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Here, Plaintiff's Complaint fails to state a § 1983 claim because he cannot show that the Defendant Rose, the public defender appointed to represent him, was acting under color of state law. See *Polk County*, 454 U.S. at 325 (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings"); *Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995) ("[T]he actions of Sceifers' deputy public defenders and appointed counsel, which caused the delay, do not constitute state action."). Thus, because Plaintiff's Complaint fails to state a claim under § 1983, it must be dismissed. 28 U.S.C. § 1915A.

Additionally, allowing Plaintiff to proceed in this action would interfere with the ongoing state court criminal proceedings. He seeks both equitable relief—removal (and presumably replacement) of his current counsel—and monetary damages. Absent extraordinary circumstances, federal courts must abstain from taking jurisdiction over constitutional claims

"when a criminal defendant seeks a federal injunction to block his state court prosecution . . . ." *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). *Younger* has been extended to claims for monetary relief, since "a federal damages suit, although not interfering with the state proceeding to the same degree as an injunction, could beat the state action to judgment and either undermine . . . or preclude . . . the State's consideration of some issues." *Majors v. Engelbrecht*, 149 F.3d 709, 714 (7th Cir. 1998). In sum, this Court will not inquire into the effectiveness of Spiller's public defender in an ongoing state court criminal proceeding. To the extent that Spiller wishes to have different counsel appointed, he should raise that issue with the judge in the criminal case. And although federal courts generally stay, rather than dismiss, claims that would interfere with or disrupt ongoing state proceedings, dismissal is appropriate here because his claims are not cognizable under § 1983. Cf. *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013).

Finally, because Plaintiff's claims are not cognizable under § 1983, allowing him leave to amend his Complaint would be futile. Accordingly, this action is dismissed with prejudice and all remaining motions are now moot.

## CONCLUSION

For the reasons stated above, Plaintiff's [1] Complaint is Dismissed with Prejudice. Plaintiff's [2] Petition to Proceed in Forma Pauperis and [4] Motion to Request Counsel are Moot. The Clerk's Office is directed to forward a copy of the Complaint and this Order to Attorney Brown and Attorney Rose. This matter is now terminated.

Signed on this 22nd day of August, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge
